In re BOARD OF RAPID TRANSIT COM'RS. (Supreme Court, Appellate Division, First Department. May 20, 1904.) In the matter of the board of rapid transit commissioners. No opinion. Motion to confirm report granted.

In re BOARD OF RAPID TRANSIT COM'RS. (Supreme Court, Appellate Division, First Department. May 20, 1904.) In the matter of the board of rapid transit commissioners. No opinion. Motion to fix compensation granted.

In re BODINE. (Supreme Court, Appellate Division, First Department. June 10, 1904.) In the matter of Florence H. Bodine. W. A. Purrington, for appellant. G. W. Van Slyck, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re BOLTE. (Supreme Court, Appellate Division, First Department. May 13, 1904.) In the matter of Herman Bolte.
PER CURIAM. Referee's fees fixed at $5,-166, compensation of stenographer at $3,675.65, and, in addition, when the amount is ascertained, there should be paid to the petitioner the disbursements for printing, etc.

BORNKESSEL, Appellant, v. METROPOL-ITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. June 10, 1904.) Action by William Bornkessel, as administrator, against the Metropolitan Street Railway Company. F. E. Munday, for appellant. H. A. Robinson, for respondent.
PER CURIAM. Judgment affirmed, with costs.
HATCH, J., dissents.

BOWERS, Respondent, v. OCEAN ACCI-DENT & GUARANTEE CO., Appellant. (Supreme Court, Appellate Division, First Department. June 10, 1904.) Action by John M. Bowers, as receiver, against the Ocean Accident & Guarantee Company. L. A. Tanze, for appellant. F. H. Mills, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BRADY, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 17, 1904.) Action by Mary Brady, as administratrix of Owen Brady, deceased, against the Brooklyn Heights Railroad Company.
PER CURIAM. Order setting aside verdict reversed, with costs, and judgment directed in favor of the plaintiff, with costs. We think the evidence in the case was sufficient to justify a submission to the jury of the question whether or not the circumstances did affirmatively establish that the plaintiff's decedent was free from contributory negligence.
Jenks, J., dissents.

BRADY v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First De-

partment. June 17, 1904.) Action by Bridget Brady against the Metropolitan Street Railway Company. No opinion. Motion denied, on payment of $10 costs of motion and $10 term fee.

BRAND, Appellant, v. BORDEN'S CON-DENSED MILK CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 17, 1904.) Action by Conrad Brand against the Borden's Condensed Milk Company.
PER CURIAM. In this case Williams, J., has rendered judgment for the defendant on the same testimony which we held insufficient to support a like judgment rendered by him upon the first trial. Counsel for the plaintiff now asks us to send the case to another judge, and we should do so if we possessed the power; but under section 310 of the Municipal Court act (Acts 1902, p. 1578, c. 580) we think our power is limited to sending it back to the same district for retrial.

BRENNAN, Appellant, v. ROCHESTER RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 26, 1904.) Action by Mortimer Brennan against the Rochester Railway Company. No opinion. Order denying motion for new trial affirmed, with costs.

BRIDGEMAN v. CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. December, 1903.) Action by Alfred Bridgeman, in behalf of himself and others, against the city of New York. The following is the opinion of Hamilton Odell, referee: "In the case of Astoria Heights L. Co. v. City of New York, 89 App. Div. 512, 86 N. Y. Supp. 651. I have attempted to state reasons why the plaintiff was not entitled to have the assessments declared illegal and void and the defendant restrained from collecting them. The reasons apply to this case, in so far as these plaintiffs seek the same relief. In so far as they seek to recover the sums paid by them for assessments and interest, the action must fail, as the claim is barred by the statute of limitations. Diefenthaler v. Mayor, 111 N. Y. 331, 19 N. E. 48; Jex v. Mayor, 111 N. Y. 339, 19 N. E. 52; Trimmer v. City of Rochester, 134 N. Y. 76, 31 N. E. 255. The complaint is dismissed."
PER CURIAM. Judgment affirmed, with costs, upon the opinion of Hamilton Odell, referee.

In re BROOKLYN BAR ASS'N. (Supreme Court, Appellate Division, Second Department. June 3, 1904.) In the matter of the application of the Brooklyn Bar Association to punish Albert M. Fragner, an attorney.
PER CURIAM. It appearing to the court by a certified copy of the judgment of conviction that Albert M. Fragner has been convicted of a felony, an order will be made, under section 67 of the Code of Civil Procedure, striking his name from the roll of attorneys.

BROWDY, Respondent, v. GOTTLIEB, Appellant. (Supreme Court, Appellate Division,